66508. THE STATE v. BENTON et al.

CARLEY, Judge.
In October of 1982, appellees were charged by accusation with making false representations to obtain unemployment benefits under the Employment Security Act, a misdemeanor violation of OCGA § 34-8-17 (a) (Code Ann. § 54-9916). The statute of limitations for the offense is two years. OCGA § 17-3-1 (Code Ann. § 26-502). Appellees moved to dismiss those charges against them which were based on events occurring more than two years prior to the filing of the accusations. Their motions were granted, and the state appeals.

1. The state maintains that the two-year limitations period was suspended by virtue of the statutory tolling provisions which were in effect at the relevant time. Those statutes were former Code Ann. §§ 26-503 (b) and 27-601 (now replaced by OCGA § 17-3-2). Former Code Ann. § 26-503 (b) provided for the tolling of the statute of limitations during any period in which "[t]he person committing the crime or crimes is unknown." Former Code Ann. § 27-601 provided

that no limitation would run "so long as the offender or offense is unknown." The accusations brought against appellees alleged only that the offenses which were subsequently dismissed were unknown until September of 1982. The issue presented for resolution is whether such an allegation states a legally sufficient ground for tolling the statute of limitations pursuant to the former code provisions cited above. The answer to this question depends upon the construction of the tolling statutes.

Our Supreme Court construed Code Ann. § 26-503 and Code Ann. § 27-601 in *State v. Shepherd Constr. Co.,* 248 Ga. 1 (281 SE2d 151) (1981). In that case, as in the case at bar, the state alleged merely that the *crime* was unknown until a certain date which was within the limitations period. In considering the sufficiency of that allegation, the Supreme Court stated: "Code Ann. §§ 26-502, 503, and 504, effective July 1, 1969, track the provisions of Code Ann. § 27-601 (Cobb, 838, 842). Code Ann. § 26-503, however, in tracking that part of Code Ann. § 27-601 which provides that '[No] limitation shall run so long as the offender or offense is unknown,' states only that no limitation shall run so long as 'the person committing the crime or crimes is unknown . . .' Accordingly, we hold that Code Ann. § 26-503 impliedly repealed that part of Code Ann. § 27-601 which provides that no limitation shall run so long as the offense is unknown, and that the trial court erred in denying the [defendants'] motion to dismiss . . ." *Shepherd,* supra at 4.

While acknowledging the apparent controlling effect of *Shepherd* on this case, the state nevertheless contends that *Shepherd* does not require a ruling in favor of appellees. The state first urges this court to reconsider the construction of the statutes in light of subsequent acts of the legislature. OCGA § 17-3-2 (2) (Code Ann. § 26-503), effective November 1, 1982, substantially readopts the tolling provisions of former Code Ann. § 27-601, including that portion which was omitted from former Code Ann. § 26-503. The state contends that this enactment evidences a legislative intent contrary to the Supreme Court's ruling in *Shepherd,* and that subsequent acts of the legislature on the same subject may be considered in construing statutes. See *Bd. of Trustees of Policemen's Pension Fund v. Christy,* 246 Ga. 553 (272 SE2d 288) (1980). However, even if this court's re-examination of the statutes in issue here were not precluded by the doctrine of stare decisis as discussed in Division 2 of this opinion, the *subsequent* reaction of the legislature to a Supreme Court decision interpreting a statute cannot supply a retroactive legislative intent which would then retroactively "repeal" the Supreme Court's interpretation of the *former* statute. "Once the court interprets the statute, 'the interpretation . . . has

become an integral part of the statute.' [Cits.]" *Walker v. Walker,* 122 Ga. App. 545, 546 (178 SE2d 46) (1970). The accusations in the instant case are controlled by former Code Ann. §§ 26-503 (b) and 27-601, and by the Supreme Court's interpretation in *Shepherd* of those relevant statutes. They are not controlled by the legislature's subsequent enactment of OCGA § 17-3-2 (2) (Code Ann. § 26-503).

2. The state further contends that in *Shepherd,* the Supreme Court failed to apply the "irreconcilable conflict" test for implied repeals, thus leaving this court free to redetermine the matter of the implied repeal of former Code Ann. § 27-601.

When the Supreme Court has addressed an issue in clear terms, this court is not at liberty to decline to follow the established rule of law. *Thomason v. Harper,* 162 Ga. App. 441 (289 SE2d 773) (1982). Article 6, Sec. 2, Par. 8 of our 1976 Constitution provides that "[t]he decisions of the Supreme Court shall bind the Court of Appeals as precedents." " ' "... [E]ven those who regard 'stare decisis' with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute. Once the court interprets the statute, 'the interpretation ... has become an integral part of the statute.' [Cits.] ... " ' Thus, notwithstanding the possible desirability of the rule urged by the appellant, we are foreclosed from consideration of it at this time." *A & A Heating &c. Co. v. Burgess,* 148 Ga. App. 859, 860 (253 SE2d 246) (1979).

3. Appellant finally asserts that the ruling in *Shepherd* applies only to "notorious" defendants. It is true that *Shepherd* involved defendants who regularly conducted business with the state and who apparently were well known to it. However, the identity of the particular defendants does not appear to have been a factor in the *Shepherd* decision. There is nothing in the Supreme Court's opinion to indicate that its ruling was intended to be limited to "notorious" defendants, or that such a limitation would be appropriate. Moreover, there appears to be no rational basis or justification for such a distinction. The Fourteenth Amendment to the United States Constitution provides that no state shall deny to any person the equal protection of the laws. "That Clause 'announces a fundamental principle: the State must govern impartially. General rules that apply evenhandedly to all persons within the jurisdiction unquestionably comply with this principle.' [Cit.]" Jones v. Helms, 452 U. S. 412, 423 (101 SC 2434, 69 LE2d 118) (1981). This court will not establish a rule which would protect some criminal defendants solely on the basis of their renown.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 13, 1983 —
REHEARING DENIED OCTOBER 31, 1983 —

*Michael J. Bowers, Attorney General, John C. Walden, Marion O. Gordon, Senior Assistant Attorneys General, George M. Weaver, Staff Assistant Attorney General,* for appellant.

*David W. Hibbert, Vallerina F. Day, Rita Schaikewitz, David Markus, R. Glen Galbaugh, Jason M. Braswell, Frederick R. J. Jackson,* for appellees.