73461. NELSON v. THE STATE.
(352 SE2d 636)

BIRDSONG, Chief Judge.
    Rufus Nelson appeals his conviction of two counts of aggravated assault. On the evening of January 29, 1985, Nelson entered the Speak Easy Lounge, a combination bar, restaurant, disco and pool hall, in southwest Atlanta, Georgia. The lounge is owned by Charles Sturdivant. Norris Champion is a bartender and disc jockey for the Speak Easy. Champion said that Nelson complained to him that the flashlight Nelson had borrowed from him a few days earlier did not work and then started talking about his experiences in the Army in Vietnam. Nelson counted the people in the bar (six), and told Champion he could kill the six people before they could kill him and he would not get any more time for killing six people than he would for killing one person.
    Nelson grabbed Champion's hand and told him he could "mess up every nerve in your body by mashing your hand." Nelson picked up a plastic ashtray and crushed it in his hands. The owner, Sturdivant, told Nelson he would have to pay for the ashtray. An exchange ensued over the price of the ashtray, when another patron volunteered to pay for the ashtray.
    A female patron testified that Nelson approached her and placed his hand between her legs and told her: "You are nobody. . . . I can buy you." She told Nelson she did not know him and to leave her alone. She continued talking to another patron, Marshal Jackson. Jackson observed the defendant's actions with the female patron.
    James Lyons was at the bar at that time. He had known the defendant for a few years but had not seen him lately. Lyons said Nelson grabbed his arm and twisted it, while talking about Vietnam. When Nelson continued to show Lyons karate holds, Lyons became agitated and left him. Another lounge patron, Albert Peterson heard defendant say that he could "kill four of y'all before two of you can

get to me." Nelson returned to the female patron and Jackson intervened and told the defendant: "Why don't you just go. . . . You have been picking at everybody in the bar. Why don't you just leave?" The defendant backed away from the bar and pulled a .38 caliber special and started shooting. He fired in the direction of Jackson, but the bullet went through the plate glass window. Nelson then fired in the direction of the bar and hit Sturdivant. Sturdivant then pulled his pistol and fired at Nelson. At the same time, Jackson charged toward the defendant, and Nelson shot him in the shoulder. Jackson hit Nelson and knocked him to the floor and crawled on top of him, took his gun away and hit him with it. Another patron who had just left the bar, heard the shots and returned. He pulled his gun and held it at the defendant's head. The police were called and arrested all participants.

Nelson's gun had five empty shells. Sturdivant's weapon had four empty shells. Nelson had been shot at least twice, and claimed to have been shot a third time. Sturdivant was shot twice and Jackson was shot once. The bar's patrons were unanimous and unequivocal that the defendant fired first. Defendant testified he fired only in self-defense after being fired upon. The State indicted the defendant on four counts of aggravated assault. The trial court directed a verdict of acquittal of the count alleging aggravated battery of Champion. The jury acquitted the defendant on the count alleging an aggravated battery of Peterson and convicted Nelson of two counts of aggravated assault of Jackson and Sturdivant. Defendant brings this appeal. *Held*:

1. When viewed in a light favorable to the verdict, the evidence is sufficient to enable any rational trier of facts to find the existence of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant argues that the acquittal of Counts 3 and 4 is inconsistent with the verdict of guilty of Counts 1 and 2. In *Milam v. State*, 255 Ga. 560 (341 SE2d 216), our Supreme Court abolished the "inconsistent verdict rule in criminal cases. . . ." Id. at 562.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 5, 1987.

*Murray M. Silver*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John M. Turner II, Richard E. Hicks, Assistant District Attorneys*, for appellee.