## 73892. TUCKER v. THE STATE.
(356 SE2d 559)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of "attempt to commit arson in the first degree." The sole enumeration of error raises the sufficiency of the evidence. *Held*:

The State's evidence shows that Carolyn Simpson, along with her mother, husband and two children, live in a house in Gainesville. On the day in question defendant, the father of one of Carolyn Simpson's children, was present and was involved in an argument with Carolyn Simpson. Defendant left the home and returned six or seven minutes later with a quantity of gasoline, pouring or shaking the gasoline from an oil can on the house and surrounding hedge bushes. A red and yellow gasoline can containing gasoline was also seen in defendant's possession. Defendant "had a blue lighter in his hand, but he never did strike it or nothing." Carolyn Simpson called the police and told them to come because someone was trying to set fire to the house. Defendant left before both police and fire departments arrived in response to the call. The police found a "strong odor of gasoline coming from around the hedges in front of the house." The odor of gasoline was also detected by police at other locations around the house.

"'An attempt to commit a crime consists of three elements: first, the intent to commit the crime; second, the performance of some overt act towards the commission of the crime . . .; and third, a failure to consummate its commission.' *Alexander v. State*, 66 Ga. App. 708, 711 (19 SE2d 353) (1942)." *Howell v. State*, 157 Ga. App. 451, 454 (4) (278 SE2d 43). Criminal intent may be found by the jury "upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. The intention may be gathered from the circumstances of the case as proved. "In seeking the motives of human conduct, inferences and deductions may properly be considered where they flow naturally from the facts proved." *Fears v. State*, 152 Ga. App. 817, 820-821 (2) (264 SE2d 284). " 'In order to consti-

tute the offense of attempt to commit a crime, the accused must do some act towards its *commission*. Commission means the act of committing, doing, or performing; the act of perpetrating. . . . Mere acts of preparation, not proximately leading to the consummation of the intended crime, will not suffice to establish an attempt to commit it.' *Groves v. State*, 116 Ga. 516 (42 SE 799) (1902). The Supreme Court continued, ' "To constitute an attempt there must be an act done in pursuance of the intent, and more or less directly tending to the commission of the crime. In general, the act must be inexplicable as a lawful act, and must be more than mere preparation. Yet it can not accurately be said that no preparations can amount to an attempt. It is a question of degree, and depends upon the circumstances of each case." ' Id. at 517-518; *Bell v. State*, 118 Ga. App. 291 (163 SE2d 323) (1968). In the language of our Criminal Code, such an act must constitute, 'a substantial step toward the commission of that crime.' [OCGA § 16-4-1.]" *Howell v. State*, 157 Ga. App. 451, 455 (4), supra. In the case sub judice, the defendant's action in spreading the gasoline is inexplicable as a lawful act would be proximately connected with the completed crime and contrary to defendant's evidence (that he had no means available to ignite the gasoline), the State's evidence shows an apparent possibility to complete the crime. See *Fears v. State*, 152 Ga. App. 817, 821 (2), supra. After a review of the entire record, we find that a rational trier of fact could reasonably have found defendant guilty, beyond a reasonable doubt, of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Nelson v. State*, 181 Ga. App. 455, 456 (1) (352 SE2d 636).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 14, 1987.

L. Eddie Benton, Jr., for appellant.

*Bruce L. Udolf, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.