## 75165. ABELMAN v. THE STATE.
(363 SE2d 764)

BIRDSONG, Chief Judge.

The defendant, Perry A. Abelman, appeals his conviction for theft by taking (OCGA § 16-8-2). Defendant was observed eating some type of food from the salad bar of Big Star, Inc., a grocery store. He was placed under observation by store security and thereafter was seen eating fruit from a metal container. The container was provided by the store for the use of patrons purchasing salad bar items. Defendant judicially admitted that he ate two pieces of cantaloupe from

the salad bar. However, he testified to his own prior experience in the grocery business and as to his own understanding of food sampling policies of the Big Star as justification for his gastronomical conduct. *Held*:

1. Appellant enumerates as error the trial court's denial of his motion for directed verdict. Appellant basically asserts that the State's amendment of the original accusation in the case at bar was void, because it failed to conform to the statutory requirements of OCGA § 17-7-71 (f), and that the admissible State's evidence of record is insufficient to support appellant's conviction on the original accusation. Our review of the transcript and trial record satisfies us that the State met the statutory requirements of OCGA § 17-7-71 and that the amended accusation was not void. We note that appellant made no showing whatever that his ability to present a defense was in any way impeded by the amendment. See *Melton v. State*, 174 Ga. App. 461 (330 SE2d 398). In fact, appellant expressly declined to request a continuance and proceeded to trial where he presented a vigorous defense. Further, we are satisfied that the State met its burden of proof as to the charge contained in the amended accusation. Our review of the trial transcript "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offense] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant next asserts that the trial court erred in failing to give a charge on mistake of fact. We find this assignment of error also to be without merit. Although we are satisfied that appellant's testimony raised the statutory defense of mistake of fact (OCGA § 16-3-5), the transcript reveals that this defense was not appellant's sole defense. For example, appellant also appears to have been asserting the defense that the taking of the salad was a mere sampling done with the consent of the owner, Big Star, and as such was lawful. While failure to give a mistake of fact charge may constitute reversible error when that defense is the defendant's *sole* defense, *Gray v. State*, 158 Ga. App. 582 (281 SE2d 328), it is not reversible error when the defendant asserts another defense at trial. *Carswell v. State*, 171 Ga. App. 455 (320 SE2d 249). Moreover, the trial court did instruct the jury regarding the presumption of innocence, reasonable doubt, credibility of witnesses, the requirement of criminal intent to commit the crime charged, and the statutory definition of the offense of theft by taking. Accordingly, we find that the trial judge's failure to give a mistake of fact charge did not constitute reversible error in this instance. *Hobgood v. State*, 162 Ga. App. 435 (291 SE2d 570).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

Decided November 4, 1987 —
Rehearing denied December 14, 1987 —

*Thomas E. Maddox, Jr.*, for appellant.
*James L. Webb, Solicitor, J. Richard Edwards, Assistant Solicitor*, for appellee.