## A89A1612. POPE v. THE STATE.
(388 SE2d 25)

DEEN, Presiding Judge.

The appellant, Lisa Pope, was convicted of voluntary manslaughter. On appeal, she contends that the trial court erred in failing to give her requested jury charge on self-defense.

Pope claimed that she stabbed and killed her boyfriend out of fear, because the boyfriend was drunk and angry, and whenever he was drunk he would beat her. Eyewitnesses, however, testified that Pope stabbed the victim while he was sitting down, neither arguing nor hurting the appellant in any way.

Pope requested that the trial court give the following jury charge: "One may react to an attack by an aggressor in repelling such attack to protect her own life and thus, she is not acting under the excitement of passion as contemplated by the voluntary manslaughter statute, but rather she is acting in self defense." The trial court declined to give that requested charge, but did give the standard jury instructions on voluntary manslaughter and justification.

The trial court's jury instruction on justification provided that if "the defendant really acted not in a spirit of revenge . . . and that the defendant reasonably believed that the force she, the defendant, used was necessary to prevent the commission of a forcible felony or to prevent death or great bodily injury to herself, then the killing would be justified under the law; and you should acquit the defendant." This jury instruction adequately covered the principles set forth in the requested charge, and it was not error to fail to give the exact charge requested by the appellant. *Fowler v. State*, 188 Ga. App. 873 (374 SE2d 805) (1988).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 2, 1989.

*Hudson & Montgomery, James E. Hudson,* for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.