A89A1837. ADCOCK v. THE STATE.
(391 SE2d 438)

BEASLEY, Judge.

Adcock was convicted of two counts of incest, OCGA § 16-6-22.

Count 1 charged sexual intercourse between father and daughter "between January 1, 1977 and September 15, 1984 . . . said crime of incest being unknown until September 16, 1987." Count 2 alleged acts between September 16, 1984, and September 16, 1987. The indictment was returned on August 5, 1988. It named defendant and his daughter, Janice, but the charges against her were not pursued.

The evidence at trial, construed to uphold the verdict, was that Janice was defendant's illegitimate daughter. Although he had told her he was her father, she began having sex with him in 1977 and she and her daughter began living with him in an Adairsville apartment in late 1977 or early 1978, leaving her husband in Rome. Defendant and Janice slept in one bedroom and the child slept in another. In 1980 they moved to defendant's house in Adairsville. In 1980, defendant fathered a son by her, conceived in Las Vegas. Janice continued to cohabit with defendant until late 1987, when she moved out and filed a civil suit against him on September 16. The last intercourse occurred in May 1987.

1. Defendant filed a motion to dismiss Count 1 as outside the four-year statute of limitation, OCGA § 17-3-1 (c), based on defendant's contention that law officers knew of the incest in the early 1980s, thereby removing Count 1 from the tolling provisions of OCGA § 17-3-2 (2). That section excludes from the running of the statute any period in which "the crime is unknown."

At the conclusion of the pretrial hearing, the judge decided to submit the statute of limitation issue to the jury. See *State v. Tuzman*, 145 Ga. App. 481, 482 (2) (243 SE2d 675) (1978).

The tolling provision cited does not apply to any acts between

1977, when the daughter testified the first intercourse occurred, and November 1, 1982, when the provision was reenacted, because it was not in effect during this period. OCGA § 17-3-2 (2) originated in Ga. Code Ann. § 27-601 (4), a part of the Cobb Code. When Ga. Code Ann. § 26-503 (2) was enacted in 1968, it provided for tolling only for periods when the person committing the crime was unknown. Although Section 27-601 (4) was not expressly repealed by that section, repeal was implied. *State v. Shepherd Constr. Co.*, 248 Ga. 1, 4 (IIa) (281 SE2d 151) (1981); *State v. Benton*, 168 Ga. App. 665, 666 (310 SE2d 243) (1983); cf. *Kyles v. State*, 254 Ga. 49, 51 (326 SE2d 216) (1985). Consequently, there was no tolling on the State's ground of lack of knowledge from 1977 until the effective date of OCGA § 17-3-2 (2), November 1, 1982. *Benton*, supra.

Although there was some evidence of intercourse during the period August 6, 1984, to September 16, 1987, the court did not limit to this period the jury's consideration of the indictment or the evidence. The record does not show that the jury convicted defendant of incest only during that time or that it did not convict him of incestuous acts occurring during the period barred by the statute, that being January 1, 1977, to November 1, 1982.

Therefore, the court erred as a matter of law in not granting the motion to dismiss and taking from the jury's consideration Count 1 for the period from January 1, 1977, until November 1, 1982, there being no saving provision in effect for that period of time.

2. It is argued that evidence of venue as to Count 2 was legally insufficient. No motion for directed verdict was made on the issue of venue.

"Generally, criminal actions must be tried in the county where the crime was committed. OCGA § 17-2-2 (a). And, venue must be established beyond a reasonable doubt. *Adsitt v. State*, 248 Ga. 237 (282 SE2d 305) (1981). However, when the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue. *Jones v. State*, 245 Ga. 592 (266 SE2d 201) (1980)." *Minter v. State*, 258 Ga. 629 (373 SE2d 359) (1988).

In addition to the evidence set out above, there was evidence that defendant and Janice moved into his house on Nolan Street in 1980 and continued to engage in sex twice weekly until the last time in May 1987. There was sufficient evidence from Janice and her daughter that this house was located in Bartow County. *Loftin v. State*, 230 Ga. 92, 94 (2) (195 SE2d 402) (1973); *Hunter v. State*, 191 Ga. App. 219, 220 (381 SE2d 525) (1989); *Woodruff v. State*, 191 Ga. App. 338 (381 SE2d 582) (1989).

3. Defendant enumerates error in the court's "suggesting in its charge . . . that paternity was an issue in the indictment." During the trial, the state introduced evidence of the conception of Jason, which

admittedly took place in Las Vegas, as a like act, and that a paternity test showed a 99.74 percent probability that defendant was the father. Jason's paternity was evidence of a similar act. There was also evidence of a 99.93 percent probability that defendant was the natural father of Janice, Jason's mother, which fact was an element of the charged crime. The court, during its instructions on the use of such evidence, instructed the jury that no certain percentage was necessary to prove paternity and that paternity was an issue for their determination.

The charge was not objected to when the court inquired, *Bryant v. State*, 256 Ga. 273, 274 (1) (347 SE2d 567) (1986); *Allen v. State*, 177 Ga. App. 600, 603 (340 SE2d 246) (1986), nor was it raised in the motion for new trial and is considered only under OCGA § 5-5-24 (c).

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. [Cits.]" *Williams v. State*, 249 Ga. 822, 825 (3) (295 SE2d 293) (1982). So considered here, it is clear that the now objected-to charge related only to the jury's consideration of the like act and to the mother's parentage and was not error. *Bentley v. State*, 179 Ga. App. 287, 288 (2) (346 SE2d 98) (1986).

4. The fourth enumeration deals with the court's failure to charge defendant's request on mistake of fact, which was objected to.

Defendant did not testify. His doctor testified that he had treated defendant beginning in December 1987 for problems with impotency and in his opinion defendant could not have satisfactorily engaged in sex in May 1987, although the doctor admitted that his conclusion was partially based on defendant's subjective statements.

The court correctly refused to give the charge on the ground that there was no evidence that defendant labored under the impression that Janice was not his daughter. Defendant relies for his argument upon a copy of the dismissal of a bastardy warrant brought against him in 1950 by Janice's mother. Such a failure to bind over is not a final judgment in defendant's favor which would amount to collateral estoppel on the issue of his paternity. *Moore v. State*, 254 Ga. 674, 675 (333 SE2d 605) (1985). Further, Janice testified that, beginning when she was five years old, defendant repeatedly acknowledged his paternity, and her daughter said defendant called Janice "daughter" during the time they lived together. In fact, defendant legitimated her in 1986.

Also, when mistake of fact is not the sole defense, as it was not here, it is not error to refuse to charge. *Abelman v. State*, 185 Ga. App. 278, 279 (2) (363 SE2d 764) (1987); *Carswell v. State*, 171 Ga. App. 455, 466 (5) (320 SE2d 249) (1984).

5. The last two enumerations deal with the charge on the statute of limitation, which was involved with Count 1. Since a retrial is pos-

sible on Count 1 for the period from November 1, 1982, until September 15, 1984, and the errors alleged may recur, we address them.

These enumerations allege error in the court's failure to charge that statutes of limitation are to be liberally interpreted in favor of the defendant and that the court erred in using in its charge an "arcane quote."

Defendant's fourth request dealt with this issue but did not include the "liberal interpretation" language. Defendant's charge as requested was given with additional language added by the court. Defendant orally requested during the charge conference that the court instruct that the statute was to be liberally interpreted in favor of the defendant. The court indicated it would give a charge along those lines.

The charge as given in part was: "Criminal limitation statutes are to be liberally interpreted in favor of repose and in favor of the statute of limitations operating."

The only objection voiced after the charge was that defendant's counsel did not understand what the phrase using "repose" meant and requested a recharge using "liberally interpreted in favor of defendant."

Considering the charge as a whole, it was clear and fully instructed the jury regarding the defense of the statute of limitation. The fact that defendant preferred one word and the court used another does not make the charge as given error. A jury of average intelligence would not have been confused by it. *Williams v. State*, 180 Ga. App. 854 (1) (350 SE2d 837) (1986).

*Judgment affirmed in part and reversed in part. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 1990 —
REHEARING DENIED FEBRUARY 23, 1990 — 

*Cook & Palmour, Bobby Lee Cook, David N. Vaughan, Jr., Velma C. Tilley*, for appellant.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.