A91A0612. COLE v. THE STATE.
(408 SE2d 438)

SOGNIER, Chief Judge.

Lurlie Cole was indicted on 16 counts of felony and misdemeanor theft by conversion. She was convicted of one felony count and five misdemeanor counts, and she appeals from the judgment and sentence thereon.

1. Appellant enumerates the general grounds as to Count II of the indictment regarding the conversion of the funds of Carrollton Medical Supply, Inc. (CMS) to her personal use in the purchase of a metal desk. Evidence was adduced that from April 1988 until October 1989, when she was fired, appellant was the office manager of CMS and had the authority to write checks on CMS's bank account for amounts up to $1,000. The State introduced an invoice from Riddle Office Products billed to CMS's account, authenticated by CMS's current office manager, Marilyn Manus, reflecting the June 22, 1989 sale of a metal desk. John Goza, a Riddle employee, testified he placed the desk on CMS's account on appellant's instruction and delivered the desk himself the next day to appellant's home. He testified that appellant told him she was doing work at home and needed the desk

there. Appellant testified that she had the desk delivered to her home because there was no place to put it at CMS's office at the time and the sale price would have expired before CMS had relocated to its new office.

However, Tina Williams, a CMS employee from March to September 1989, testified that neither appellant nor any other employee at CMS got a new desk in the time she was there, including the period before and after the business relocated in late August. Manus, who has worked continuously at CMS since July 1989, also testified that no new desk has been delivered to CMS while she has worked there, including the period after appellant was fired. Although appellant places great emphasis upon the testimony of Goza about what desks he observed at CMS shortly before trial, it appears that while he saw there a desk of the same type as the one he delivered to appellant, due to the lack of identification numbers he could not say it was the same desk.

We find the evidence sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of theft by conversion of CMS funds for the purchase of a desk for herself under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Exley v. State*, 180 Ga. App. 821-823 (1) (350 SE2d 829) (1986).

2. Appellant contends the evidence was not sufficient to authorize her convictions on three counts regarding three CMS checks she issued to a fictitious employee called "Jan Pate." The checks all bore the endorsement of "Jan Pate"; appellant had co-endorsed one check. Several CMS employees working at CMS during the time frame in which appellant wrote the checks testified that no Jan Pate ever worked for CMS and that the business was small enough (five employees) that a new employee would have been noticed. Witnesses also testified that CMS used a rug cleaning service and that payment for that service was made out of the petty cash account. An acquaintance of appellant's, named Jan Pate, testified that she had applied to CMS for a job, but that she was not hired and never received any checks from CMS. Pate also testified she had lived in the Carrollton area for 24 years and had heard of no other woman in the area with her same name. Appellant testified that she made the checks out to another Jan Pate, whom appellant claimed had cleaned carpets for CMS.

" 'It is the function of the jury to determine the credibility of the witnesses, including that of the defendant. The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict. (Cit.)' [Cit.]" *Rayburn v. State*, 194 Ga. App. 676 (1) (391 SE2d 780) (1990). Given the evidence adduced regarding how CMS operates

and the number of its employees, plus the testimony of the other CMS employees contradicting appellant's testimony that a Jan Pate had worked for or cleaned carpets for CMS, we do not agree with appellant that the State was required to prove that it was impossible for the checks to have been written to another Jan Pate before the jury could have found she was guilty beyond a reasonable doubt under the standard set forth in *Jackson*, supra. We find that a rational trier of fact could reasonably have found proof of appellant's guilt beyond a reasonable doubt. Id.; *Exley*, supra.

3. In regard to the felony theft by conversion count, appellant asserts that the State failed to prove that she acted with criminal intent when she issued a check for $538 on CMS's account to pay Universal Discount Furniture (UDF) for various pieces of furniture for her own home. The State presented direct evidence that appellant wrote a check on CMS's account to UDF for $538 to pay on her personal account there for furniture she had purchased for her home. The State also presented evidence that UDF had initiated legal proceedings to collect on the account and that appellant had been served in that action approximately a month before UDF received the $538 check. A partner in CMS at the time of this transaction testified that appellant was not authorized to use CMS funds for personal matters.

Appellant admitted writing the check but testified that because she had personally paid for items needed by CMS while the business was relocating, rather than repaying herself directly by issuing a check in her own name for these sums, she reimbursed herself indirectly by paying UDF for the furniture with CMS funds. She testified that she saved the receipts for the purchases and had attached the receipts to UDF's paid invoice file at CMS. Appellant called the CMS employee who responded to her subpoena for the UDF file, and he identified the sole item in that file, a record of payment from CMS to UDF signed by appellant for $538 for "store fixtures."

"Intent 'is a question of fact which is seldom capable of proof by direct evidence. (Cits.)' [Cit.] 'A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' OCGA § 16-2-6." *Worth v. State*, 179 Ga. App. 207, 208 (1) (346 SE2d 82) (1986). " 'In seeking the motives of human conduct, inferences and deductions may properly be considered where they flow naturally from the facts proved.' [Cit.]" *Tucker v. State*, 182 Ga. App. 625 (356 SE2d 559) (1987). Although, as appellant argues, the jury could have believed that she had merely used her discretion as manager of the store by deciding to reimburse herself by writing the check to UDF, a proposition for which she cites this court to *Hill v. State*, 198 Ga. App. 1 (401 SE2d 48) (1990), the evidence did not

compel that conclusion. Rather, the evidence of appellant's pressing financial need at the time she wrote the check to UDF, the absence of any receipts to explain the "store fixtures" notation on the CMS record of payment to UDF, and other evidence at trial regarding how employees made purchases for items needed at CMS, authorized a finding that appellant issued the $538 check to UDF with the intent to convert CMS's funds to her own use. Accordingly, the trial court did not err by denying appellant's motion for directed verdict on this count.

4. Appellant contends the trial court erred by failing to charge the jury on the principles of mistake of fact and justification. As to mistake of fact, the transcript reveals that appellant's counsel withdrew the requested charge on that principle and made no objection to the trial court's failure to charge the matter. Appellant thus waived any error. See *Gaines v. State*, 177 Ga. App. 795, 799 (341 SE2d 252) (1986); *Thomas v. State*, 234 Ga. 615, 618 (216 SE2d 859) (1975). The fact that mistake of fact was not appellant's sole defense does not render the language in *Adcock v. State*, 260 Ga. 302 (392 SE2d 886) (1990), disapproving a statement in *Adcock v. State*, 194 Ga. App. 627, 629 (4) (391 SE2d 438) (1990), applicable here, as it appears the charge in question therein was requested and the failure to give it was properly challenged. Id.

Appellant's defense of justification was based on her assertion that she acted upon an honest claim of right, and the trial court properly charged the jury regarding that affirmative defense as set forth in OCGA § 16-8-10 (2). The trial court also instructed the jury in connection with that charge that the State had the burden to prove to the jury beyond a reasonable doubt that the affirmative defense was untrue. The jury instruction adequately covered the principles set forth in appellant's requested charge on justification, and it was not error to fail to give the exact charge requested by appellant. See *Pope v. State*, 193 Ga. App. 384 (388 SE2d 25) (1989).

5. Appellant raised no objection when the prosecutor, in his argument to the court during the sentencing process, referenced appellant's prior criminal history of writing bad checks. " 'Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. (Cit.)' [Cit.]" *Hight v. State*, 195 Ga. App. 727, 730 (6) (394 SE2d 636) (1990).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 20, 1991 —
RECONSIDERATION DENIED JULY 3, 1991 — 

*Word & Flinn, Gerald P. Word, John W. Kilgo, for appellant.*
*William G. Hamrick, Jr., District Attorney, George F. Hutchin-*

*son III, Assistant District Attorney*, for appellee.