**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 13, 2026**

# In the Court of Appeals of Georgia

A25A2201. RUCKER v. THE STATE.

HODGES, Judge.

Shaquille Rucker was charged with ten offenses related to a series of armed robberies and a home invasion that he committed with co-defendants Earnest Sims and Emmanuel Rakestraw. Rucker was tried alone,[1] and the jury found him guilty on all charges. After trial, he was sentenced to two consecutive life sentences plus twenty years to serve followed by twenty years on probation. Rucker appeals, contending his trial counsel was ineffective and the trial court erred in such a way as to warrant a new trial. For the following reasons, Rucker has not demonstrated by the record that there

---

[1] Sims pleaded guilty before trial and Rakestraw was convicted in a separate trial, discussed below. This Court previously affirmed Rakestraw's conviction and sentence. *Rakestraw v. State*, 373 Ga. App. 77 (907 SE2d 361) (2024).

was any ineffective assistance of counsel or error by the trial court. Accordingly, we affirm his convictions and sentence.

1. Rucker first contends his trial counsel was ineffective in various ways. In order to establish a claim of ineffective assistance of counsel, Rucker must show that his counsel's performance was professionally deficient and that, but for such deficient performance, there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 687(III) (104 SCt 2052, 80 LE2d 674) (1984); *Roberts v. State*, 322 Ga. App. 659, 663(3) (745 SE2d 850) (2013). "When reviewing counsel's performance, we apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Jackson v. State*, 306 Ga. 266, 272(5) (830 SE2d 99) (2019) (citation and punctuation omitted). Indeed, "[t]rial tactics and strategy . . . are almost never adequate grounds for finding trial counsel [was] ineffective unless they [were] so patently unreasonable that no competent attorney would have chosen them." *McNair v. State*, 296 Ga. 181, 184(2)(b) (766 SE2d 45) (2014) (citation and punctuation omitted). "In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently

2

apply the legal principles to the facts."[2] *Wright v. State*, 291 Ga. 869, 870(2) (734 SE2d 876) (2012) (citation and punctuation omitted). Finally, if the defendant fails to satisfy either prong of the *Strickland* test, this Court is not required to examine the other. See *Green v. State*, 291 Ga. 579, 580(2) (731 SE2d 359) (2012).

(a) Rucker's primary contention on appeal is that his trial counsel was ineffective for failing to properly advise him prior to his rejection of plea offers. Before trial, Rucker was offered a plea which would have resulted in a total sentence of 40 years, with 25 years to be served in prison, which he rejected on the record. For a trial counsel to be effective, a criminal defendant is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him. *Lloyd v. State*, 258 Ga. 645, 648(2)(a) (373 SE2d 1) (1988). If counsel has not advised the client of the consequences of the choices confronting him regarding

---

[2] We note that Rucker has asked this Court to apply a less deferential standard of review for the trial court's credibility determinations regarding Rucker and his trial counsel. The clearly erroneous standard, however, is provided by cases of the Supreme Court, see, e.g., *Wright*, 291 Ga. at 870(2), and this Court is not at liberty to decline to follow clearly established law. See *State v. Benton*, 168 Ga. App. 665, 667(2) (310 SE2d 243) (1983). Accordingly, while Rucker strenuously takes issue with the testimony of his trial counsel, we will follow the credibility determinations of the trial court and credit trial counsel's testimony over any conflicting testimony offered by Rucker.

whether to plead guilty, trial counsel should be found to have rendered less than reasonably professional assistance. *Cleveland v. State*, 285 Ga. 142, 144 (674 SE2d 289) (2009). "This is so because prior to trial an accused is entitled to rely upon his counsel to independently examine the facts, circumstances, pleadings and laws involved in the case and then to offer an informed opinion about what plea should be entered[.]" *Brown v. State*, 291 Ga. 892, 898(4) (734 SE2d 23) (2012).

Here, it is undisputed that Rucker was informed of the plea offer; however, Rucker contends that his trial counsel was deficient because he failed to properly advise him of the strength of the State's case against him. The record, as properly viewed with the appropriate standard of review, shows that Rucker was present for the presentation of most of the State's case in an earlier trial where his co-defendant, Rakestraw, was convicted.[3] After trial, Rucker's trial counsel provided a transcript of the trial to Rucker and informed him that his co-defendant was convicted and sentenced to life in prison plus 40 years to serve. Additionally, trial counsel printed off all of the written reports and interviews and provided the same to Rucker. Trial

---

[3] Rucker was originally tried with Rakestraw in the first trial. The trial court, however, granted Rucker's motion to sever late into the first trial, and Rucker was later tried separately.

counsel offered to have Rucker view the video discovery, but Rucker declined to see the videos.

While Rucker takes great issue with trial counsel's representation about what discovery he provided, he offers no meaningful authority to support his contention that the facts, as properly viewed under our standard of review, demonstrate deficient performance. Rucker primarily relies on this Court's decision in *Cleveland v. State*, 290 Ga. App. 835, 839-40(2) (660 SE2d 777) (2008), to show deficient performance, but this reliance is misplaced. In *Cleveland*, trial counsel failed to review discovery that was available under the State's open file policy. Id. at 839(2). "Based upon these peculiar facts," we found that failing to review such discovery fell below the objective standard of reasonable conduct. Id. No such peculiar facts exist in this case, where it is uncontested that trial counsel had spent at least 80 hours reviewing discovery, and Rucker has not shown that his trial counsel failed to review some of the evidence. Instead, Rucker's counsel testified that he went over all of the evidence with his client, explained the plea deal that was available, and discussed the likely results of going to trial. Therefore, Rucker has not demonstrated by the record any deficient performance by his trial counsel.

Moreover, even if we credited Rucker's self-serving assertion that his trial counsel did not properly advise him, we would be bound to conclude that any deficient performance did not prejudice him. During his motion for new trial hearing, Rucker testified that, had he known about the State's case against him, he "would have reconsidered [his] decision" regarding whether to accept the plea and he "would have definitely took it into more consideration." He contends that such testimony creates at least an inference from the evidence that he would have accepted the offer. See *Muff v. State*, 210 Ga. App. 309, 311(2) (436 SE2d 47) (1993) (noting this Court will grant relief where "there is at least an inference from the evidence that the defendant would have accepted the offer as made or something similar") (citation and punctuation omitted). In *Dresbach v. State*, 308 Ga. 423, 427-28(2) (841 SE2d 714) (2020), the Supreme Court concluded that a defendant's nearly identical assertions that he "would have given the idea of pleading guilty 'a lot more consideration,' and there was a 'good likelihood' that he would have accepted the plea offer" were equivocal at best and cannot demonstrate deficient performance. Id. Rucker makes no attempt to distinguish his statements from the equivocal statements at issue in *Dresbach,* which cannot be the basis of the relief he seeks. Therefore, even if his trial

counsel acted deficiently, which we have not found, Rucker cannot demonstrate prejudice and this claim of ineffective assistance of counsel fails.

(b) Rucker also contends that his trial counsel was ineffective in various ways during trial. We note, however, that Rucker has not made any argument that any purported deficiencies prejudiced him in any way, and these claims must fail as a result. See *Green*, 291 Ga. at 580(2). Moreover, regarding deficient performance, Rucker offers no argument there was any deficient performance beyond his own conclusory statements.[4] See *Brittain v. State*, 329 Ga. App. 689, 704(4)(a) (766 SE2d 106) (2014) ("[A]n appellant must support enumerations of error with argument and

---

[4] We note that Rucker has elected to argue multiple enumerations collectively in his brief. In so doing, he has often left enumerations without any authority to support his position. For example, Rucker makes four claims of ineffective assistance of counsel during trial, but cites only a single case, *Rainwater v. State*, 300 Ga. 800, 804(3) (797 SE2d 889) (2017), to assert that re-reading stipulations during the jury charge violated the continuing witness rule, and that case offers no support for that contention. See id. The remaining claims of ineffective assistance during trial are not supported by any authority. This Court will not cull the record, search for authority, or construct arguments for counsel, and if we have failed to properly construe any arguments, missed authority supporting his position, or otherwise failed to locate evidence in the record, that failure lies with Rucker. See *In the Interest of C. T.*, 286 Ga. App. 186, 187(1) (648 SE2d 708) (2007); *Rolleston v. Estate of Sims*, 253 Ga. App. 182, 185(2) (558 SE2d 411) (2001) ("Appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument.") (citation and punctuation omitted).

citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules.") (citation and punctuation omitted). Because Rucker has failed to make any meaningful argument beyond his conclusory statements, he has not demonstrated any deficient performance by the record and this enumeration fails. See id.

(c) Rucker also contends that the cumulative effect of his trial counsel's performance resulted in the deprivation of his right to a fair trial. See *State v. Lane*, 308 Ga. 10, 15(1) (838 SE2d 808) (2020) ("[W]e must consider prejudice collectively in the context of ineffective assistance of counsel[.]"). However, Rucker's argument fails because he has not demonstrated any instances of deficient performance to cumulate. *Mitchell v. State*, 366 Ga. App. 854, 864(4)(f) (884 SE2d 535) (2023).

2. Rucker next argues that the trial court abused its discretion by not appointing new trial counsel after he complained of a lack of communication with his trial counsel. We are unpersuaded.

The record shows that Rucker made at least two verbal pro-se requests for new trial counsel.[5] Shortly before trial, following the conclusion of a motions hearing date,

---

[5] To the extent requests other than those cited by Rucker in his brief exist, this Court has limited our review to those instances cited by Rucker, as he has the burden

8

Rucker made a verbal request for new counsel. Rucker asserted that he had emailed trial counsel to come visit him, that there were unspecified matters which he needed to discuss about the case, and that there was unspecified information which he had not received from trial counsel. Largely, Rucker's complaint was that his trial counsel was "not putting in the effort that he said he was going to put in. . . . It's not the same effort. He's been trying to get me to take a plea." The trial court, who had the benefit of watching Rucker's trial counsel represent him in the first trial, found that it had the opportunity to evaluate trial counsel's performance and "found no shortcomings, [and] no evidence of ineffectiveness in any way whatsoever." The trial court denied Rucker's request. Rucker renewed his request for new appointed counsel the morning of jury selection. When the trial court asked if anything had changed in the weeks from the prior request, Rucker simply stated that he "just would feel better if somebody else was representing [him]." The trial court then denied this second request.

The trial court's decision regarding whether to appoint new trial counsel for an indigent defendant is evaluated under an abuse of discretion standard. *Holsey v. State*, 291 Ga. App. 216, 219(2) (661 SE2d 621) (2008). A breakdown in communication

of demonstrating error. See *Rolleston*, 253 Ga. App. at 185(2).

between a defendant and his counsel must be extreme before it mandates that the trial court remove appointed counsel. *Mason v. State*, 325 Ga. App. 609, 615(2)(b) (754 SE2d 397) (2014). As we have previously noted, "tension in the attorney-client relationship, disagreements over trial strategy, and a general loss of confidence or trust in counsel are insufficient, without more, to demonstrate the type of complete breakdown in communication necessary to mandate the removal of counsel from the case." Id.

Here, sitting as the factfinder, the trial court was authorized to discredit Rucker's statements regarding his communications and interactions with trial counsel, and rely on the testimony offered by trial counsel that he provided all paper discovery, went over the prior trial testimony and written reports, and discussed the videos with Rucker. See *Wright v. State*, 356 Ga. App. 597, 600(1) (848 SE2d 467) (2020). The trial court had the opportunity to review the interactions with Rucker and his trial counsel and was well within its discretion to find that any tension in the attorney-client relationship was not so extreme as to mandate the appointment of new counsel. Moreover, we note that the key tension, if any, in the attorney-client relationship was based on Rucker's trial counsel's evaluation of the merits of the defense and his

encouragement for Rucker to plead guilty and accept the plea deal he now asks this Court to allow him to take advantage of. Based on these facts, the trial court did not abuse its discretion in denying Rucker's request for new trial.

3. Rucker also raises four other purported abuses of discretion; however, each of these contentions leaves this Court with nothing to review. First, Rucker asserts that the trial court abused its discretion under OCGA § 24-4-403 ("Rule 403") in admitting evidence that was substantially more prejudicial than probative. See *Bannister v. State*, 306 Ga. 289, 300(5)(a) (830 SE2d 79) (2019). Specifically, Rucker contends that an audio recording of a call between himself and a witness was impermissibly admitted over his objection under Rule 403. Rucker, however, has failed to cite to any language contained in the recording that should have been excluded, simply relying on conclusory arguments that the call was "still too prejudicial." Rucker, as the appellant, has the duty of affirmatively demonstrating error by the record, and, as we noted in Division 1(b), we will not consider enumerations not supported by meaningful argument. *Brittain*, 329 Ga. App. at 704(4)(a). Consequently, this enumeration leaves us with nothing to review.

Rucker also asserts that it was error for the trial court to not make a record of the bench conferences which occurred during trial. The record, however, is replete with instances of recorded bench conferences during trial, and Rucker has not pointed to a single bench conference which was not recorded. As such, this enumeration fails.

Additionally, Rucker contends, with no citation to authority, that the trial court abused its discretion by authorizing the admission of the transcript of two witnesses from the first trial and by admitting his own statement at trial. Because Rucker has failed to provide any authority or advance any meaningful argument as contemplated by our rules to support his contentions, these enumerations give this Court nothing to review. *Brittain*, 329 Ga. App. at 704(4)(a).

4. Finally, Rucker argues the trial court plainly erred by allowing two witnesses to testify without being properly sworn and by reading evidence stipulations during the jury charge in violation of the continuing witness rule. Plain error review, when available, requires Rucker to

> identify an error that was not affirmatively waived, *was clear and not open to reasonable dispute*, likely affected the outcome of the proceeding, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. Satisfying all four prongs of this standard is difficult, as it should be.

*Tucker v. State*, 362 Ga. App. 489, 493-94(1) (869 SE2d 142) (2022) (citations and punctuation omitted; emphasis added); accord *Siders v. State*, 320 Ga. 367, 375(3)(b) n. 7 (907 SE2d 645) (2024). Pretermitting whether plain error is ever available in either context,[6] Rucker has failed to demonstrate either claim of plain error because he has not identified, inter alia, any legal error that is "clear and not open to reasonable dispute[.]" *Tucker*, 362 Ga. App. at 493(1) (citation and punctuation omitted).

Regarding the continuing witness rule, Rucker contends that the trial court plainly erred by reading evidence that the parties had stipulated to during the jury charge and by allowing the jury to read along with the transcript of prior testimony that was that read to the jury from the witness stand. Rucker cites *Rainwater*, 300 Ga. at 802-03(2), and *Williams v. State*, 337 Ga. App. 381, 387(3)(b) (787 SE2d 333)

---

[6] Rucker cites no authority, nor have we identified any cases, which have extended plain error review to these issues. See *Rainwater*, 300 Ga. at 802(2) n. 3 (affirming a conviction despite an alleged continuing witness rule violation expressly without determining whether plain error could apply to such a circumstance); *Reid v. State*, 341 Ga. App. 604, 614(6) (802 SE2d 42) (2017) (concluding a criminal defendant waives appellate review by failing to object to a purportedly unsworn witness).

(2016), for the proposition that under the continuing witness rule "it is unfair and places undue emphasis on written testimony for the writing to be read again during the jury charge or read at the same time as oral testimony[.]" Neither of these cases, however, consider in any way the reading of evidentiary stipulations during the jury charge, nor whether a jury can read along with testimony being read into the record.[7] Rucker cites no other authority to suggest that there was error, plain or otherwise, by the trial court on this issue.

Similarly, Rucker notes that Georgia law requires every witness to "declare that he or she will testify truthfully by oath or affirmation in a form calculated to awaken the witness's conscience and impress the witness's mind with the duty to do so." OCGA § 24-6-603. Here, Rucker contends two witnesses "were only asked to swear to tell the truth." Rucker, however, has not directed this Court to any record evidence of what oaths the witnesses swore, or any authority to suggest that swearing "to tell the truth" is the type of clear legal error that authorizes relief under plain error.

---

[7] Rucker's appellate counsel appears to have modified a quote that exists in both *Rainwater* and *Williams* in his brief to make it appear that the continuing witness rule has some application to the facts of this case, but neither case actually supports that position.

Because Rucker has not demonstrated a right to plain error review and cannot identify any clear violation of established law, these enumerations are meritless. It is also worth noting that even if plain error review was available, and even if Rucker had demonstrated the trial court's actions violated some clear rule, he has failed to argue in any substantive way that these errors affected any substantial rights or seriously affected the fairness or integrity of the proceedings, see *Tucker*, 362 Ga. App at 493(1), and we would still find no plain error in this case.

*Judgment affirmed. McFadden, P.J., and Pipkin, J., concur.*