43053. KELLY v. BANDA.

ARGUED SEPTEMBER 12, 1967—DECIDED OCTOBER 2, 1967.

Philip T. Keen, Wilson Brooks, for appellant.

Troutman, Sams, Schroder & Lockerman, William H. Schroder, John D. McLanahan, William H. Schroder, Jr., for appellee.

QUILLIAN, Judge. Under the principle pronounced in Boyd v. Piggly Wiggly Southern, 115 Ga. App. 628 (155 SE2d 630), the money for which this suit is brought came into the defendant's possession through the joint participation of the defendant and plaintiff in a prohibited lottery or gift enterprise. In the Boyd case, it was held (p. 632): "Our courts have uniformly refused to lend their aid in either law or equity to enforce contracts between promoters and participants, or to settle disputes between competing participants, where the contracts or disputes are grounded in lotteries or gift enterprises which are illegal and contrary to public policy. Whitley v. McConnell, 133 Ga. 738 (66 SE 933, 27 LRA (NS) 287, 134 ASR 223)." Hence, in the case sub judice an action for money had and received does not lie.

Counsel for the appellant contends that the Boyd case, supra, would not control, because in an action for money had and received it is immaterial how the money may have come into the defendant's possession, and cites as authority Citizens Bank v. Rudisill, 4 Ga. App. 37, 41 (60 SE 818). In the Rudisill case it is stated: "In such an action 'it is immaterial how the money may have come into the defendant's hands, and the fact that it was received from a third person will not affect his liability, if, in equity and good conscience, he is not entitled to hold it against the true owner.' 27 Cyc. 864 (K)."

The holding in the *Boyd* case, supra, and the pronouncement in the *Rudisill* case, supra, are not in conflict. As against the "true owner" it is immaterial how the money may have come into the defendant's possession; however, one who claims money as a participant in a prohibited lottery or gift enterprise is not a "true owner." A true owner must be a lawful owner.

The sustaining of the demurrers was not error.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*