## 55579. CHRISTNER v. EASON.

SMITH, Judge.

The trial court erroneously granted Eason's motion for judgment on the pleadings, and we reverse.

Christner, the appellant, filed this suit against appellee, a policeman. Both parties characterize the case as one sounding in libel. Appellant alleged in her complaint that she was involved in a serious automobile collision and that appellee, who was assigned to investigate the collision, prepared a report which falsely stated her running a red light was the cause of the accident. Appellant also alleged appellee made up the damaging report with the knowledge that it was false. Neither party introduced evidence of any kind, and the court granted appellee's motion for judgment on the pleadings. By brief attached to the motion, appellee alleged as a complete defense that his report was a privileged communication, a statement "made bona fide in the performance of a public duty." Code § 105-709 (1).

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." CPA § 12 (c) (Code Ann. § 81A-112 (c)). " 'For the purposes of the motion, all well-pleaded

material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not admitted. Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment.' 2A Moore's Federal Practice 2269, § 12.15. Thus the question here is whether the undisputed facts appearing from the pleadings show the defendant is entitled to judgment as a matter of law." *Gulf American Fire &c. Co. v. Harper,* 117 Ga. App. 356 (1) (160 SE2d 663) (1968). Here, whether appellee reported bona fide is disputed in the pleadings, and it was error to conclude his communication was privileged as a matter of law.

Appellee also asserts as grounds for affirmance that appellant failed to plead all the elements of a cause of action in libel. Failure to plead a cause of action, however, would not be proper basis for granting judgment on the pleadings. "A complaint is not required to set forth a cause of action, but need only set forth a claim for relief . . . If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695) (1970). "Where the party moving for judgment on the pleadings does not introduce affidavits, depositions, or interrogatories in support of his motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted . . . 'The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. [Cits.]' *Harper v. DeFreitas,* 117 Ga. App. 236, 238 (160 SE2d 260)." *Seaboard C. L. R. Co. v. Dockery,* 135 Ga. App. 540, 543 (218 SE2d 263) (1975). Under the above rules, the fact that appellant's complaint may not have set forth properly or completely the elements of libel, or the elements of any other cause of action, was not a legal basis for the grant of judgment on the pleadings.

There are conceivable facts upon the proof of which the appellant could recover, and we must reverse the

judgment below.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

SUBMITTED APRIL 3, 1978 — DECIDED JUNE 6, 1978.

*A. W. Touchton,* for appellant.

*Tillman, Brice, McTier, Coleman & Talley, George T. Talley,* for appellee.