A95A0197. SULEJMAN et al. v. MARINELLO et al.
(457 SE2d 251)

Ruffin, Judge.

Farun and Linda Sulejman entered into a sales contract and construction agreement with Bruce Marinello and Dee Smith d/b/a Vantage Point Companies ("Vantage Point"). Under the contract, the Sulejmans agreed to purchase a tract of land and a residence to be constructed on the land from Vantage Point. The contract provided in part that upon its execution, the Sulejmans would pay Vantage Point "$12,500.00, as earnest money, which earnest money is to be applied as part of payment of purchase price of said property at the time sale is consummated. It is agreed by all parties to this contract that earnest money may be placed in [Vantage Point's] account and be used toward construction cost or construction loan cost." Accordingly, the Sulejmans paid Vantage Point $12,500 in earnest money at the time they executed the contract. Shortly thereafter, the Sulejmans presented Vantage Point with a new contract prepared by their attorney. When Vantage Point refused to execute the new contract and refund the Sulejmans' earnest money, the Sulejmans filed the instant action.

In their complaint, which included a copy of the executed contract, the Sulejmans alleged they executed the contract and tendered the earnest money "with the full understanding between the parties that [they] would have their counsel review the contract and put in (sic) proper form." The Sulejmans further alleged that Vantage Point refused their demand for return of the earnest money, and in their prayer for relief asked for judgment in the amount of the earnest money.

Prior to trial, the court granted Vantage Point's motion in limine to exclude all parol evidence offered by the Sulejmans concerning "any oral agreements or stipulations that would alter, change or vary the terms of the written contract that was the subject matter of the lawsuit." The court also excluded any evidence that the contract was unenforceable due to invalid subject matter and insufficient property description because neither of those issues were raised by the Sulejmans in their complaint or in the pre-trial order. After excluding the foregoing evidence from consideration, the court granted Vantage

Point's motion for judgment on the pleadings. The Sulejmans appeal from that order.

1. In their first enumeration of error, the Sulejmans assert the trial court erred in granting Vantage Point's motion in limine. "However, this enumeration is not supported in [their] brief by citation of authority or argument, and is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). [Cit.]" *BCS Financial Corp. v. Sorbo*, 213 Ga. App. 259, 261 (2) (444 SE2d 85) (1994). Appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument.

2. In their two remaining enumerations of error, the Sulejmans contend the trial court erred in granting Vantage Point's motion for judgment on the pleadings. While we agree with the Sulejmans on this point, we note again their disregard for the rules of this court. Court of Appeals Rule 15 (c) (1) provides that "[t]he sequence of argument or arguments in the briefs *shall* follow [generally] the order of the enumeration of errors, and *shall* be numbered [correspondingly]." (Emphasis supplied.) In this case, the Sulejmans presented for review three enumerations of error by the trial court, one of which was ruled abandoned in Division 1. In disregard of the requirements of Rule 15 (c) (1), the arguments relating to the two remaining enumerations are not separately numbered to correspond to those enumerations. This rule is clear and there is *no* reason why an appellant cannot comply with it.

Turning to the merits of these enumerations, we find the court did err in granting Vantage Point's motion for judgment on the pleadings. "[T]he question here is whether the undisputed facts appearing from the pleadings show [Vantage Point was] entitled to judgment as a matter of law. . . . A complaint is not required to set forth a cause of action, but need only set forth a claim for relief. . . . If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. Where the party moving for judgment on the pleadings does not introduce affidavits, depositions, or interrogatories in support of his motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. . . . The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim." (Citations and punctuation omitted.) *Christner v. Eason*, 146 Ga. App. 139, 140 (245 SE2d 489) (1978).

In this case, the Sulejmans filed a complaint seeking to recover their earnest money. "Generally the buyer, in order to recover earnest money as money had and received under a real estate contract, must

show that the seller has breached the contract and that the buyer himself is not in default. He may then rescind the contract and recover the amount he has paid on the purchase price. [Cit.]" *Goldberg v. Black*, 156 Ga. App. 872, 873 (275 SE2d 810) (1981). While the complaint in this case did not properly set forth a cause of action showing Vantage Point breached the contract, *Christner* does not require such a showing. The complaint did set forth a claim for judgment due to Vantage Point's alleged failure to return the earnest money. Although the allegation was not made in the complaint, if the Sulejmans can prove they were not in default and Vantage Point breached the contract, then they would be entitled to the relief they claimed. Accordingly, "[t]here are conceivable facts upon the proof of which the [Sulejmans] could recover, and we must reverse the judgment below." *Christner*, supra at 140-141. See also *Goldberg*, supra.

*Judgment affirmed in part, reversed in part and remanded. Beasley, C. J., and Pope, P. J., concur.*

DECIDED APRIL 25, 1995.

*Donald L. Mize*, for appellants.
*Schreeder, Wheeler & Flint, Debra A. Wilson*, for appellees.