*George M. Rountree*, for appellee.

■■■■■■

## A95A2068. RANSOM v. FLEET FINANCE, INC.
### (466 SE2d 686)

McMurray, Presiding Judge.

Plaintiff Ransom filed this action against defendant Fleet Finance, Inc., seeking a declaratory judgment that a mortgage loan on plaintiff's residence was usurious and in violation of a criminal usury statute. Plaintiff also sought an injunction to prevent defendant from foreclosing upon his residence. This appeal follows the entry of an order denying plaintiff's request for an injunction and granting defendant's motion for judgment on the pleadings, which was orally submitted at a hearing on plaintiff's request for an injunction. *Held*:

1. We deny defendant's motion to transfer this appeal to our Supreme Court. Only issues of law within the jurisdiction of this Court are raised on appeal.

2. "[T]he question here is whether the undisputed facts appearing from the pleadings show the defendant is entitled to judgment as a matter of law. . . . A complaint is not required to set forth a cause of action, but need only set forth a claim for relief. . . . If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. Where the party moving for judgment on the pleadings does not introduce affidavits, depositions, or interrogatories in support of his motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. . . . The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim." (Citations and punctuation omitted.) *Christner v. Eason*, 146 Ga. App. 139, 140 (245 SE2d 489). See also *Sulejman v. Marinello*, 217 Ga. App. 319, 320 (2) (457 SE2d 251).

Plaintiff's claims for relief are predicated entirely upon allegations that the mortgage loan is in violation of OCGA § 7-4-18. But the complaint is sufficient to show that the loan is not in violation of that criminal usury statute as construed in *Fleet Finance of Ga. v. Jones*, 263 Ga. 228 (430 SE2d 352), to require the consideration of the total interest paid over the entire period of a loan in determining if a loan is usurious. Furthermore, we find no error in the denial of plaintiff's motion to continue the injunction hearing. As there are no conceivable facts which could be proven in support of the claims in plaintiff's complaint which would authorize a judgment in his favor, the superior court was correct in granting defendant's motion for judgment on

the pleadings.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 10, 1996.

Ray Ransom, *pro se.*

Paul, Hastings, Janofsky & Walker, Craig K. Pendergrast, David H. Steinberg, for appellee.