A97A2156. LONEY v. PRIMERICA LIFE INSURANCE COMPANY.
(499 SE2d 385)

McMURRAY, Presiding Judge.

In August 1991, defendant Primerica Life Insurance Company issued a life insurance policy on the life of Jesse James Smith. Smith's daughter, plaintiff Chantell Loney, was named as the beneficiary on the policy. After Smith died in February 1993, defendant denied coverage based on the absence of a genuine signature of Smith on the application and due to a material misrepresentation on the application regarding the health history of Smith.

Plaintiff filed this action for damages predicated on two alternative theories. Count 1 is a breach of contract claim based on the insurance contract. Count 2 is a fraud claim based on allegations that defendant engages in a practice whereby its agents forge signatures of applicants for life insurance knowing that resulting policies could be declared void if any claim is made on the policy.

The trial court granted defendant's motion for partial judgment on the pleadings as to the fraud claim in Count 2. The breach of contract claim in Count 1 was tried before a jury which returned a ver-

dict concluding that Smith did not sign the insurance application, thus resulting in a judgment in favor of defendant. The defense of material misrepresentation on the application was not reached by the jury.

On appeal, plaintiff's first enumeration of error maintains that the first trial judge erred in granting defendant's motion for partial judgment on the pleadings since plaintiff stated a valid claim for fraud in Count 2 of her complaint. The second enumeration of error complains of the denial of plaintiff's motion for new trial based on allegations of improper communication and contact between the second trial judge's law clerk and the jury. *Held*:

We conclude that plaintiff's first enumeration of error is meritorious and reverse the judgment in favor of defendant. " '(T)he question here is whether the undisputed facts appearing from the pleadings show the defendant is entitled to judgment as a matter of law. . . . A complaint is not required to set forth a cause of action, but need only set forth a claim for relief. . . . If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. Where the party moving for judgment on the pleadings does not introduce affidavits, depositions, or interrogatories in support of his motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. . . . The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim.' (Citations and punctuation omitted.) *Christner v. Eason*, 146 Ga. App. 139, 140 (245 SE2d 489). See also *Sulejman v. Marinello*, 217 Ga. App. 319, 320 (2) (457 SE2d 251)." *Ransom v. Fleet Fin.*, 219 Ga. App. 817 (2) (466 SE2d 686). See also *Cardin v. Outdoor East*, 220 Ga. App. 664, 665 (468 SE2d 31).

Count 2 of plaintiff's complaint states a viable fraud claim, specifically alleging each of the elements of fraud. Plaintiff alleges that defendant issued the life insurance policy with knowledge that Smith had not signed the application, but that his signature had been forged by defendant's agent or employee. Plaintiff also alleges that she performed all conditions precedent to the policy and made all timely premium payments in accordance with the terms of the policy without knowledge that defendant's agent had forged her father's signature. Under the fraudulent practice described in Count 2, defendant collected insurance premiums while knowing that the policy could be declared void if a claim was made on the policy terms.

Defendant relies upon Georgia public policy which dictates that a policy of life insurance requires the knowledge and consent of the person insured in order to be a valid contract. OCGA § 33-24-6 (a)

provides in part: "No life . . . insurance contract upon an individual, except a contract of group life insurance [which is not involved here] . . ., shall be made or effectuated unless at the time of the making of the contract the individual insured, being of competent legal capacity to contract, applies for a life . . . insurance contract or consents in writing to the contract. . . ." A failure of an insured to apply or consent in writing as required under OCGA § 33-24-6 (a) renders the policy void ab initio. An insurance contract that is void ab initio as against public policy is never in force, cannot be ratified or affirmed and is not subject to being enforced by the courts. *Wood v. N.Y. Life Ins. Co.*, 255 Ga. 300, 306 (2), 307 (336 SE2d 806); *Time Ins. Co. v. Lamar*, 195 Ga. App. 452, 453 (1), 454 (2) (393 SE2d 734).

Nonetheless, defendant has missed the point that the fraud claim in Count 2 of the complaint is not based upon enforcement of any insurance contract. Instead, and quite contrary to the assumptions underlying defendant's argument, the complaint explicitly acknowledges that "the policy could be declared void if a claim was made on the policy terms. . . ." The fraud claim is based on the alleged misrepresentation by defendant in knowingly issuing a void insurance policy with the purpose of deceiving plaintiff, on plaintiff's reasonable reliance on the appearance that the policy issued was valid and enforceable, and on the resulting harm to plaintiff, including the loss of use of the funds paid as premiums for the void policy. The five elements of a fraud claim are well-settled. See, e.g., *Longino v. Bank of Ellijay*, 228 Ga. App. 37, 39 (1) (491 SE2d 81); *Simpson Consulting v. Barclays Bank PLC*, 227 Ga. App. 648, 650 (1) (490 SE2d 184); and *Allen v. Hub Cap Heaven*, 225 Ga. App. 533, 540 (7) (484 SE2d 259). Furthermore, defendant's reliance upon *Talley v. Mathis*, 212 Ga. App. 330 (441 SE2d 854) (rev'd on grounds other than those for which it was cited by defendant, 265 Ga. 179 (453 SE2d 704)), is misplaced since it is merely another case involving an attempt to enforce an underlying illegal agreement, albeit in reversing, the Supreme Court determined that the agreement was not actually illegal.

Next, we reach the question of whether the evidentiary effect of plaintiff's alternative pleadings bar her pursuit of a fraud claim on the grounds that the signature was forged. As previously noted by this Court, some caution should be exercised by litigants in weighing the evidentiary effect of inconsistent pleadings. "The Civil Practice Act which permits alternative pleadings (OCGA § 9-11-8 (e)) does not change the rule of evidence that a party is bound by its judicial admissions (OCGA § 24-3-30). 'The CPA did not wipe out or destroy the law in Georgia to the effect that a party to an action is bound by material allegations made in his pleadings. . . .' *Martin v. Pierce*, 140 Ga. App. 897, 898-899 (232 SE2d 170) (1977). . . . As Professor Green warned in Ga. Law of Evidence, § 238 (2d ed. 1982), a party

should be aware of the evidentiary effect of alternative pleadings." *Ditch v. Royal Indem. Co.*, 205 Ga. App. 478, 479 (422 SE2d 868). "Where the pleading is inconsistent, the admission, not the denial, prevails. [Cit.]" *Johnson v. Daniel*, 135 Ga. App. 926, 928 (2) (219 SE2d 579).

The alternative pleading in the complaint which is beneficial to the position advanced by defendant, since prior to this litigation, is the admission that plaintiff's father did not sign the insurance application. This admission may be derived from allegations that Smith's signature had been forged. Indeed, defendant prevailed upon the trial of Count 1 based on the jury's special finding on this issue. Since any admission arising from the evidentiary effect of the alternative pleadings is consistent with plaintiff's fraud claim, these principles provide no basis for barring the fraud claim.

Defendant's reliance upon evidence developed during discovery is misplaced and beyond the scope of the trial court's ruling. There is no indication that evidence was considered by the trial court in ruling on defendant's motion for partial judgment on the pleadings.

We do not reach the issues raised under the second enumeration of error. The issues argued in support of this remaining enumeration of error involve an incident unlikely to recur upon the retrial of this case.

The dissent is mistaken in adhering to the premise that the plaintiff's fraud claim must be based on the illegal insurance contract. As previously noted, the language of the fraud claim contains allegations that the insurance contract is void. In our experience, it is most unusual to find a party alleging that a contract they wish to rely upon is void. The fraud claim is based upon false representations allegedly made by defendant.

Contrary to the assertions of the dissent, the duty owed by defendant to plaintiff does not arise under any contract. The duty allegedly breached by defendant arises from the standards of our society from which no one is exempted. It is improper for any person to defraud another. *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, 508-509 (451 SE2d 66). Nor is the dissent correct in suggesting that the only possible measure of damages would be based entirely upon the illegal contract. Even assuming that the premiums paid by plaintiff to defendant are to be refunded, plaintiff has suffered damages in the loss of use of her funds for the time they are held by defendant. Thus, the time-value of plaintiff's funds provide one possible measure of damages and other damages unrelated to enforcement of the illegal contract may be proven by appropriate evidence at trial.

*Judgment reversed. Ruffin and Eldridge, JJ., and Senior Appellate Judge Harold R. Banke concur. Andrews, C. J., Birdsong, P. J., and Smith, J., dissent.*

SMITH, Judge, dissenting.

I must respectfully dissent, because the plaintiff is unable to demonstrate any state of facts justifying a recovery under this count of her complaint. OCGA § 9-11-12 (c).

As the majority acknowledges, a policy obtained without the knowledge and consent of the insured is void ab initio as against public policy. OCGA § 33-24-6 (a); *Wood v. N.Y. Life Ins. Co.*, 255 Ga. 300, 303-304 (336 SE2d 806) (1985); *Time Ins. Co. v. Lamar*, 195 Ga. App. 452, 453-454 (393 SE2d 734) (1990). This principle of public policy cannot be waived, nor can it be eliminated by estoppel. "Regardless of the legal theory used, such a contract is not subject to being enforced by the courts. To reach a contrary conclusion would permit the unreasonable result that the conduct of an insurance company or its agent would breathe life into an insurance contract which the General Assembly for reasons of individual and public protection intended to have no life, and would frustrate the strong public policy that no contract for life insurance should be made unless the insured applies for or consents in writing to the contract. This we decline to do." (Citations and punctuation omitted.) *Lamar*, supra at 455.

Plaintiff cannot circumvent this well-established law merely by recasting her complaint into terms of fraud. The claim, though couched in terms of fraud, remains based on an insurance contract that is void ab initio as violative of public policy. No duty was owed to plaintiff outside the terms of the contract itself. The only possible measure of damages would be based entirely on the contract. "One cannot do indirectly what the law does not allow to be done directly. [Cit.]" *Phillips v. MacDougald*, 219 Ga. App. 152, 153 (2) (a) (464 SE2d 390) (1995). In *Talley v. Mathis*, 212 Ga. App. 330 (441 SE2d 854) (1994), rev'd on other grounds, 265 Ga. 179 (453 SE2d 704) (1995), we held that a plaintiff could not recover on an illegal gambling contract by recasting his complaint in terms of fraud: "although Talley asserts fraud and conversion claims, the entire case is premised upon the agreement between the parties. . . . Where a contract grows immediately out of, and is connected with, an illegal or immoral act, a court of justice will not lend its aid to enforce it. . . . The very essence of the agreement here was to do that which was prohibited by Georgia law and accordingly, the trial court's order was proper." (Citations, punctuation and emphasis omitted.) Id. at 332-333. While the Supreme Court reversed our judgment, it did so on the basis that the contract was not illegal and void, but merely an agreement to engage in legal wagering in another state's officially sanctioned lottery. 265 Ga. at 180 (2).

For these reasons, I respectfully dissent.

I am authorized to state that Chief Judge Andrews and Presiding Judge Birdsong join in this dissent.

Decided March 20, 1998 —
Reconsideration denied April 1, 1998 

*Murray & Stewart, Larry E. Stewart,* for appellant.
*Goldner, Sommers, Scrudder & Bass, Henry E. Scrudder, Jr.,
Linda J. Pollock,* for appellee.