A01A1748, A01A1749, A01A1750. ROLLESTON et al. v. ESTATE OF SIMS et al. (three cases).

(558 SE2d 411)

MIKELL, Judge.

In three related appeals, Moreton Rolleston, Jr. appeals the judgment of $4,109,018.16 entered against him on May 10, 2000, the trial court's ruling that he was not indigent and was therefore able to pay the costs associated with his appeal, and an order holding him in contempt. The estate of Rebecca Wight Cherry Sims and its executor, John Randolph Cherry, (referred to collectively as "the Estate") filed the underlying action against defendants Rolleston and the Moreton Rolleston Living Trust (the "Trust") seeking to set aside transfers of Rolleston's property into the Trust as fraudulent. The Estate also sought and received an interlocutory injunction prohibiting any transfer of real or personal property from the Trust without approval of the court during the pendency of the underlying suit. Upon Rolleston's appeal from the injunction, the Supreme Court affirmed. *Rolleston v. Cherry*, 266 Ga. XXV (466 SE2d 866) (1996) (judgment affirmed without opinion).

These combined cases are a continuation of litigation between these parties. In *Rolleston v. Cherry*, 226 Ga. App. 750 (487 SE2d 354) (1997), we affirmed a $5,200,000 judgment entered against Rolleston in 1995 for claims of professional negligence, breach of fiduciary duty, and fraud relating to his legal representation of Rebecca Sims. The record shows that while that trial was proceeding in March 1995, Rolleston ordered the liquidation of an offshore Wachovia Bank account containing approximately $500,000. Before judgment was entered on April 7, 1995, Rolleston wrote checks to himself in the total amount of $60,000, a check to his wife in the amount of $150,000, and checks to his secretary totaling $53,150. Also, between the time the verdict was returned and the entry of judgment, Rolleston recorded deeds in Fulton County and Glynn County transferring all of the real property titled in his name into the Trust. He also transferred all of his personal property. By his own admission, the real property was valued between $12,000,000 and $15,000,000.

In response, the Estate filed the underlying action in this case to set aside the fraudulent conveyances. The court denied Rolleston's

subsequent motions for summary judgment and granted partial summary judgment to the Estate on the issue of Rolleston's liability. We affirmed the grant of the Estate's motion for partial summary judgment and the denial of Rolleston's motions. *Rolleston v. Cherry*, 237 Ga. App. 733, 735-736 (1) (521 SE2d 1) (1999).

In August 1998, while the fraudulent conveyance action was pending, Rolleston recorded a lease transferring all of his real and personal property from the Trust to the MRJR Limited Partnership for a term of 100 years. The lease violated the interlocutory injunction entered on July 7, 1995, because it transferred an interest in land without the approval of the court. Additionally, the record shows that Rolleston formed the MRJR Limited Partnership on February 24, 1997, and that he was the general partner, and the Trust was the sole limited partner. The trial court held Rolleston in contempt, and we affirmed the order. *Rolleston*, supra, 237 Ga. App. at 737-738 (5).

The Estate levied on Rolleston's Sea Island property on April 21, 1999, in an effort to collect the judgment owed; however, the levy was stayed by Rolleston's filing of a bankruptcy petition in the U. S. Bankruptcy Court for the Northern District of Georgia. The bankruptcy court dismissed Rolleston's petition with prejudice on September 21, 1999, and the U. S. Supreme Court denied Rolleston's petition for writ of certiorari and subsequent petition for rehearing.

The present fraudulent conveyance action appeared on the trial court's calendar on April 11, 2000. The Estate had served Rolleston with its portion of the pre-trial order on April 5; however, Rolleston failed to respond. When the case was called for trial, Rolleston served the Estate in open court with a motion for pre-trial order and a motion in limine seeking to limit the evidence produced by the Estate. The court granted the parties a one-day continuance. On April 12, the court deemed Rolleston's proposed pre-trial order inadequate and refused to bind the Estate to a pre-trial order in which Rolleston and the Trust refused to list their witnesses. Rolleston and the Trust did not object, nor did they request an official ruling on their motion for pre-trial order. The court granted Rolleston's motion in limine to the extent that it limited the Estate's right to recover damages or attorney fees to the fraudulent conveyance action at bar.

During the trial, Rolleston and the Trust moved for a mistrial on the basis that their co-counsel, Michael Pannier,[1] was not qualified to cross-examine the Estate's expert witness on bankruptcy law. The court denied the motion.

At the close of the Estate's case, Rolleston and the Trust moved

---

[1] Rolleston, an attorney, also represented himself and the Trust.

for a directed verdict on several grounds. The Estate did not oppose the motion for directed verdict in favor of the Trust and in favor of Rolleston in his capacity as Trustee on the issue of liability for damages, and the court granted the motion only as to those defendants. The court denied Rolleston's motion for directed verdict as an individual defendant at that time and again after the defense presented its case.

The jury returned a verdict awarding $718,133 in special damages and $140,885 in attorney fees and finding that the Estate was entitled to punitive damages. The trial proceeded to a second phase on punitive damages. After the Estate presented evidence, the jury returned a verdict on April 21, 2000, finding that Rolleston acted with specific intent to commit harm and awarding punitive damages in the amount of $3,250,000.

### Case No. A01A1748

1. First, Rolleston argues that the court erred in proceeding with the trial without entering a pre-trial order. We reject this argument.

As a preliminary matter, we recognize that Rolleston has failed to provide a statement of the method by which this enumeration of error was preserved for appellate consideration in violation of Court of Appeals Rule 27 (a) (1). However, we will briefly address the merits of his argument.

The record shows that Rolleston brought a motion for pre-trial order on the day of trial after failing to respond to the Estate's portion of the proposed consolidated pre-trial order. The court deemed Rolleston's proposed pre-trial order inadequate and refused to bind the Estate to it, because Rolleston and the Trust refused to list their witnesses. Rolleston did not object, nor did he request an official ruling on the motion for pre-trial order. Thus, he cannot show reversible error by the trial court in the absence of a ruling. See *Intl. Assn. of Bridge Iron Workers &c. v. Moore*, 149 Ga. App. 431, 433 (4) (254 SE2d 438) (1979).

Furthermore, even if the court had expressly denied his motion, Rolleston would not be successful on appeal. We conclude that the trial court did not abuse its discretion by declining to enter a pre-trial order. Neither OCGA § 9-11-16 nor Uniform Superior Court Rule 7.2 requires the court to sign a proposed pre-trial order. *Swanson v. State Farm &c. Ins. Co.*, 242 Ga. App. 616, 617 (2) (530 SE2d 516) (2000). Rather, only in cases where a pre-trial conference has been held, OCGA § 9-11-16 (b) requires the court to issue an order reciting the action taken at the conference and any agreements reached by the parties. Id. No pre-trial conference was requested or held in this case; therefore, the court was not required to enter an order.

Additionally, even if we considered Rolleston's request for a pre-trial order to be a request for a pre-trial conference, the court did not err because the request was not timely. "[I]t is not error to refuse a pre-trial conference where the motion is untimely." *Trustees of Trinity College v. Ferris*, 228 Ga. App. 476, 478 (2) (491 SE2d 909) (1997) (the court did not err in refusing a request for pre-trial conference on the day of trial). Accordingly, this enumeration of error has no merit.

2. Next, Rolleston assigns error to the court's admission of certain evidence he claims was excluded by his motion in limine. Rolleston has failed to cite authority or argument for this error in violation of Court of Appeals Rule 27 (a) (3). He has also failed to provide this Court with a statement of the method by which he preserved each alleged error for consideration as required by Court of Appeals Rule 27 (a) (1). In fact, he simply lists the numerous exhibits he claims were admitted in error without providing citations to the record documenting a single objection or argument regarding the inadmissibility of the evidence.

Accordingly, this enumeration is deemed abandoned. Court of Appeals Rule 27 (c) (2). "Appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument." *Sulejman v. Marinello*, 217 Ga. App. 319, 320 (1) (457 SE2d 251) (1995).

3. Similarly, in the next three errors enumerated by Rolleston, Errors 3, 4, and 5, he has failed to provide citation of supporting authority or argument. He claims the trial court erred in denying his motion for a mistrial after it admitted the evidence he challenges in Division 2, in denying his motion in limine to exclude evidence of the lease between the Trust and MRJR Limited Partnership, and in denying his motion for directed verdict on the Estate's claim of special damages for the loss of use of the judgment based on statutory post-judgment interest. Because Rolleston has failed to support these enumerated errors with citation of authority or argument, they are deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2). *Sulejman*, supra.

4. Next, Rolleston argues that the court erred in denying his motion for directed verdict on the Estate's claim of special damages for the loss of its use of the judgment, because the amount sought by the Estate was entirely speculative. We reject this argument.

It is well settled that the standard of appellate review of the denial of a motion for directed verdict is the any evidence test. *Pulte Home Corp. v. Woodland Nursery &c.*, 230 Ga. App. 455, 456 (2) (496 SE2d 546) (1998). "The question before this court is not whether the verdict and judgment of the trial court were merely authorized, but is whether a contrary judgment was demanded." (Citations and punctuation omitted.) Id. See also OCGA § 9-11-50 (a). Based on this stan-

dard, we conclude that there was evidence to support the jury's verdict on the Estate's special damages claim for loss of use, and that the trial court properly denied the motion for directed verdict and submitted the case to the jury.

The Estate presented evidence of the performance of various investment scenarios from the date the judgment was entered until the date of trial. David Joseph Littlefield, Jr., a stock portfolio manager with fifteen years experience, testified that he calculated the historical returns of five different investment scenarios and that the return on an initial investment of $5,200,000 on May 5, 1995, would have appreciated conservatively in the range of $6,700,000 to $15,000,000. On cross-examination, Littlefield testified regarding the investment scenarios that "[t]here are no projections. Those are all historical." Additionally, the executor of the Estate, John Randolph Cherry, testified that the time and expense of the litigation necessitated by Rolleston's refusal to satisfy the existing judgment had damaged the Estate.

In light of the evidence supporting the Estate's claim for special damages for loss of use, the trial court did not err in denying Rolleston's motion for directed verdict, and we affirm.

5. Rolleston also assigns error to the court's denial of his motion for directed verdict on the Estate's claim of punitive damages. Rolleston has failed to support this error with citation of authority or argument in violation of Court of Appeals Rule 27 (a) (3); however, we will briefly address its merits.

OCGA § 51-12-5.1 (b) provides:

Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

We find that the extensive record provides clear and convincing evidence to authorize the jury's award of punitive damages. See generally *Hudgins & Co. v. J & M Tank Lines*, 215 Ga. App. 308, 309-310 (450 SE2d 221) (1994). For example, Howard H. Johnston, an attorney practicing in the area of trusts and estates, testified that the Trust accomplished none of the estate planning purposes of a living trust. The evidence shows that Rolleston recorded deeds transferring millions of dollars worth of real property into the Trust after the verdict but before judgment had been entered in order to shield those

assets from the Estate.[2] Furthermore, he created the MRJR Limited Partnership and leased all of his real and personal property to that limited partnership in order to prevent the Estate from collecting on the judgment.

Accordingly, there was clear and convincing evidence to support the jury's award of punitive damages, and the trial court did not err in denying Rolleston's motion for directed verdict.

6. Next, Rolleston argues that the court erred in not limiting the amount of the punitive damages award because there was no proof of specific intent to cause harm. Again, Rolleston has failed to support the enumerated error with citation of authority; however, we will briefly address its merits.

Under OCGA § 51-12-5.1 (g), punitive damages are limited to a maximum of $250,000 for any tort action, unless the jury finds that "the defendant acted, or failed to act, with the specific intent to cause harm." (Punctuation omitted.) *Alta Anesthesia Assoc. &c. v. Gibbons*, 245 Ga. App. 79, 89 (8) (537 SE2d 388) (2000). In *McDaniel v. Elliott*, 269 Ga. 262, 265 (3) (497 SE2d 786) (1998), the Supreme Court held that a party seeking punitive damages must "request both a charge on specific intent to cause harm and a separate finding of specific intent to cause harm by the trier of fact in order to avoid the cap on punitive damages."

In the case sub judice, the court instructed the jury as follows:

If you find that the defendant acted with specific intent to harm the plaintiff, there is no limit to the amount of punitive damages you may award. In other words, the law does not limit you in any way. It's left up to you as to what is fair and just. However, if you find that the defendant, against whom you are awarding damages, did not act with specific intent to harm the plaintiff, then the punitive damages you may award are limited to a maximum of $250,000. Subject to this limitation, the amount you may award may be as large or as small as you believe necessary to fulfill the purpose of punitive damages.

On the verdict form, the jury responded "yes" to the following statement: "We the jury find that . . . Defendant acted with specific intent to harm Plaintiff." Contrary to Rolleston's argument, there was evidence in the record to support the jury's finding. Accordingly, the trial court did not err in refusing to cap the award of punitive damages. *Alta Anesthesia Assoc.*, supra at 89-90.

---

[2] The deeds were signed on February 27, 1995, approximately one week before the trial began. They were all recorded on or after March 29, 1995.

7. Rolleston argues that the trial court erred in admitting plaintiff's Exhibit 137, which contained evidence of attorney fees and expenses. Our review of the record reveals that the exhibit challenged by Rolleston was not admitted into evidence. Accordingly, this enumeration presents nothing for our review.

8. In his enumeration of errors, Rolleston contends in Error 10 that the trial court erred in denying his motion for summary judgment. However, in the argument portion of his appellate brief in support of this error, he states that "[t]he Court erred in failing to grant [his] Motion for Mistrial after the court reversed itself and allowed evidence of conduct subsequent to the first hearing in this case in 1998." Rolleston has not provided a single citation to legal authority or to the record, nor has he provided any further argument in support of this error. Accordingly, this error is deemed abandoned. Court of Appeals Rule 27 (c) (2), (3); *Sulejman*, supra.

In summary, the judgment of the trial court appealed in Case No. A01A1748 is hereby affirmed.

### Case No. A01A1749

9. In this appeal, Rolleston challenges the trial court's finding that he was not indigent and that he was therefore able to pay the bills of costs associated with his appeals. The Estate filed a motion to dismiss this appeal. For reasons explained below, we grant the Estate's motion to dismiss.

Rolleston filed a notice of appeal on May 12, 2000, following the trial on damages, in which he directed the Clerk of Fulton County Superior Court to "omit nothing" from the record. As noted above, Rolleston previously appealed the trial court's grant of partial summary judgment to the Estate. In that notice, he also directed the clerk to "omit nothing." Therefore, nearly the entire voluminous record was already on file with this Court when Rolleston filed his most recent notices of appeal.

On January 24, 2001, the clerk served Rolleston with two bills of costs in a total amount of over $4,000. On the final day for payment, Rolleston filed an affidavit of indigence. The Estate filed a traverse affidavit contending that Rolleston's affidavit was untrue and attaching copies of checks payable to Rolleston in excess of $115,000. In its order following a hearing on Rolleston's indigence, the court stated that Rolleston admitted that he had received or negotiated the checks attached to the Estate's traverse affidavit, and that he admitted the remaining allegations contained in the Estate's affidavit, including his memberships in exclusive private clubs, his employment of a secretary and expenditure of $50,000 for a law office that generated no income, and his residence. The transcript of the hearing

on Rolleston's indigence is not contained in the record. The trial court found that Rolleston was not indigent and required him to pay the bills of costs. In this appeal, he challenges the trial court's ruling.

It is clear under Georgia law that a trial court's discretion when reviewing an affidavit of indigence is not appealable. OCGA § 5-6-47 (b) provides:

> Any party at interest or his agent or attorney may contest the truth of the affidavit of indigence by verifying affirmatively under oath that the same is untrue. The issue thereby formed shall be heard and determined by the trial court under the rules of the court. *The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final.*

(Emphasis supplied.) See also OCGA § 9-15-2 (a) (2). Further, we have previously held that "a trial court's findings concerning a party's indigenc[e are] not reviewable in cases where the affidavit of indigenc[e] has been traversed by an opposing affidavit." *Quarterman v. Weiss,* 212 Ga. App. 563, 564 (5) (442 SE2d 813) (1994). See also *Penland v. State,* 256 Ga. 641, 642 (352 SE2d 385) (1987); *Saylors v. Emory Univ.,* 187 Ga. App. 460, 461 (1) (370 SE2d 625) (1988); *Harris v. State,* 170 Ga. App. 726 (318 SE2d 315) (1984).

Accordingly, this appeal presents nothing for our review. The Estate's motion to dismiss is hereby granted, and Case No. A01A1749 is hereby dismissed.

### Case No. A01A1750

10. In this appeal, Rolleston argues that the trial court erred in holding him in contempt for entering into a contract to sell a piece of real property in violation of the interlocutory injunction entered on July 7, 1995, and the consent order entered July 24, 2000.

Court of Appeals Rule 27 (c) (3) (i) requires that each enumerated error be supported by specific reference to the record or transcript and provides that "[i]n the absence of such reference, the Court will not search for or consider such enumeration." Rolleston has failed to provide citations to the record for a significant portion of the statement of facts contained in his appellate brief, and he did not provide a single reference to the record in his enumerated error. Furthermore, Rolleston has failed to provide the applicable standard of review and has failed to support this enumeration of error with citation of authority or argument, in violation of Court of Appeals Rule 27 (a) (3). "Any enumeration of error which is not supported in the brief by citation of authority or argument shall be deemed abandoned." Court of Appeals Rule 27 (c) (2). Accordingly, this appeal

presents nothing for our review, and the order of the trial court holding Rolleston in contempt is affirmed.

*Judgments affirmed in Case Nos. A01A1748 and A01A1750. Appeal dismissed in Case No. A01A1749. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED DECEMBER 4, 2001 —
RECONSIDERATION DENIED JANUARY 10, 2002 — 

*Moreton Rolleston, Jr.*, for appellants.
*Shelby A. Outlaw*, for appellees.